UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JANET MAZUR,

       Plaintiff,

vs.                                                                                    Case No. 11-15552

CHASE BANK, N.A., c/o CHASE                                   HON. AVERN COHN
HOME FINANCE, LLC, and
WASHINGTON MUTUAL BANK, F.A.,
JOHN DOES and JANE DOES 1-20,

       Defendants.

_____/

**MEMORANDUM AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 4)
AND
DISMISSING CASE[1]**

I.  Introduction

      This is another of one of many cases pending in this district involving a mortgage.  As will be explained, this is plaintiff's second lawsuit challenging the mortgage process.  Plaintiff Janet Mazur has sued defendants Chase Bank, N.A. c/o Chase Home Finance, LLC, Washington Mutual Bank, F.A. and John and Jane Does 1-20.  However, the proper defendant is JPMorgan Chase Bank, N.A. (Chase), who is the only defendant who has been served and appeared in the case.

      Before the Court is Chase's motion to dismiss under Fed. R. Civ. P. 12(b)(6).  For the reasons that follow, the motion is GRANTED.  This case is DISMISSED.

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument.  See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

II.  Background

A.  The Loans

On October 13, 2006, plaintiff received two loans from Washington Mutual in connection with real property commonly known as 37 Roslyn Road, Grosse Pointe Shores, Michigan.  The first loan was a mortgage loan in the amount of $999,999.00 (the "Senior Loan").  The funds from the Senior Loan were used to refinance the existing home loan,[2] pay off $85,176.00 of non-mortgage debt, and provide plaintiff with $50,833.79 in cash.  In connection with the Senior Loan, plaintiff executed an adjustable rate note.  As security for the indebtedness due under the note, plaintiff and her husband executed a mortgage encumbering the property.  The mortgage was recorded on October 25, 2006 at Liber 45476, Page 1169, Wayne County Records.

The second loan was a home equity line of credit with a credit limit of $124,876.00.  Plaintiff executed a fixed rate note for the home equity loan.  As security for the indebtedness due under the home equity loan, plaintiff and her husband executed a second mortgage encumbering the property.  The mortgage was recorded on October 25, 2006 at Liber 45476, Page 1191, Wayne County Records.

Plaintiff and her husband later began having difficulties making the mortgage payments.  Although the complaint makes reference to foreclosure proceedings, Chase says that a foreclosure has not occurred.

B.  The 2009 Action

On July 6, 2009, plaintiff and her husband sued Chase and Washington Mutual in

---

[2]Plaintiff and her husband, Michael Mazur, purchased the property in 1999 with a loan funded by IndyMac Bank.

2

state court, seeking, among other things, to quiet title to the property.  Plaintiff and her husband also asserted claims for (1) negligence, (2) breach of fiduciary duty, (3) violation of the Michigan Consumer Protection Act, and (4) predatory lending.  Chase removed the case to federal court, where it was assigned to a different district judge. Mazur v. Washington Mutual, case no. 09-13371.  Chase then filed a motion to dismiss or for summary judgment.  The district court referred the motion to a magistrate judge who issued a report and recommendation that the case be remanded to state court. Chase objected to the report and recommendation.  On January 10, 2011, the district court issued an opinion and order rejecting the report and recommendation and granting Chase's motion to dismiss.  The district court found that (1) plaintiff's claims for money damages against Chase were barred under the Purchase and Assumption Agreement between Chase and the FDIC-R, (2) plaintiff failed to state a claim for equitable relief under her negligence, breach of fiduciary duty, violation of the Michigan Consumer Protection Act, and predatory lending theories, which included a request to quiet title to the property in plaintiff's name only.  Plaintiff did not appeal the dismissal.

C.  The 2011 Action

On November 28, 2011, plaintiff filed this action in state court regarding the same loans which were the subject of the 2009 action.  Chase removed the case to federal court and indicated that it was related to the 2009 action.[3]  The complaint in this case contains a single count to quiet title to the property in plaintiff's name only.  As best as can be gleaned, the request to quiet title is based on various allegations of fraud.

_____

[3]The case was reassigned to the district judge in the 2009 action, who later recused himself.  Following recusal, the case was reassigned to the undersigned.

3

D.  Chase's Motion to Dismiss

In Chase's motion to dismiss, it argues that the complaint must be dismissed as barred under the equitable doctrines of res judicata and collateral estoppel because plaintiff is essentially asserting the same claims and seeking the same relief as in the 2009 action.  Chase also argues that plaintiff has not stated a claim to quiet title because she has not established a claim of title that is superior to, or which would extinguish Chase's mortgage interest.  Thus, Chase says the complaint fails to state a claim upon which relief can be granted.

Chase's motion was filed on December 27, 2011.  Under the local rules, plaintiff's response was due within 21 days after service, on or about January 20, 2012.  See E.D. Mich. LR 7.1(e)(1)(B).  On January 23, 2012, the Court issued a Notice of Motion Hearing, scheduling the matter for hearing and requiring that plaintiff file a response to the motion by February 3, 2012.  (Doc. 7).  Plaintiff did not file a response by that date. However, upon communication with the parties, the Court was informed that plaintiff was negotiating a short sale opportunity with Chase and believed that no response to the motion was necessary as a result of that process.  Upon further communication with the parties, plaintiff filed a response to the motion on March 9, 2012 (Doc. 9).

III.  Analysis

Putting the timeliness issue aside, plaintiff's response fails to convince the Court that Chase's motion should not be granted.  In the response, plaintiff states that Chase's motion is "premature" and "contrary to the intent of the parties" ostensibly due to the pendency of the short sale which plaintiff says is an "attempt[] to resolve the litigation."  Plaintiff cites no authority as to the impact of a short sale on the arguments in

4

Chase's motion to dismiss.  Plaintiff does not address Chase's arguments regarding res judicata or failure to state a claim.

Overall, Chase's motion is well-taken.  As fully explained in the brief and supporting exhibits, which are incorporated by reference, plaintiff's claim is barred by res judicata and collateral estoppel and plaintiff has failed to state a plausible claim to quiet title.  Dismissal is appropriate.

While it is hoped that the parties are able to resolve their differences via a short sale, there is no reason to believe that a decision on Chase's motion affects that process.  Nothing in this decision is intended as such.

SO ORDERED.


 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  March 14, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 14, 2012, by electronic and/or ordinary mail.


 S/Julie Owens
Case Manager, (313) 234-5160